UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATHY WALKER,

    Plaintiff,

v().                                                                      Case No. 6:14-cv-450-Orl-31TBS

O'CALLA-J ENTERPRISES, INC., d/b/a 7-11,

    Defendant.
_____/

## ORDER

This case comes before the Court on Plaintiff's Motion for Sanctions and Second Motion to Compel Responses and Documents Responsive to Plaintiff's First Set of Interrogatories and First Request for Production of Documents (Doc. 24). Plaintiff brings this action for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Doc. 1). Defendant denies liability and has asserted nine affirmative defenses. (Doc. 8).

In September, 2014, Plaintiff propounded interrogatories and requests for production to Defendant which did not respond. (Doc. 19). In October, Plaintiff filed a motion to compel and Defendant did not file a response to the motion. (Id.). On December 4, 2014, the Court held a hearing on the motion. That day, before the hearing began, Defendant partially responded to Plaintiff's written discovery. (Doc. 22). At the conclusion of the hearing, after hearing from counsel for both parties, the Court ordered Defendant to fully respond to Plaintiff's interrogatories and requests for production by the close of business on December 11, 2014. (Id.). The Court also awarded Plaintiff her reasonable attorney's fees in connection with her motion. (Id.).

On December 12, 2014, Plaintiff filed her Notice of Non-Compliance to inform the Court that Defendant had not complied with the Order. (Doc. 23). At 5:41 p.m. on December 12, 2014, Defendant provided a further partial response to Plaintiff's discovery requests. (Doc. 24 at 3). On December 22, 2014, Plaintiff filed the instant motion to compel. Defendant has not responded to this motion and the time within to do so has expired. Now, Plaintiff asks the Court to enter default judgment against Defendant and/or enter an order striking Defendant's pleadings. (Id., at 6).

There were actions Defendant could have taken if it had issues with Plaintiff's written discovery or problems in complying with that discovery. For example, Defendant could have (but never did) motion the Court for a protective order or for additional time within to comply with Plaintiff's discovery requests. Defendant also failed to take advantage of its opportunities to provide written response to Plaintiff's original motion to compel and the pending motion for sanctions and second motion to compel.

Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2). Courts have broad discretion to impose sanctions under Rule 37. United States v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695, 697 (S.D. Fla. 2007). The purposes for imposing sanctions include: "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney."

Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1453 (11th Cir. 1985).  Possible sanctions include but are not limited to those listed in Rule 37.[1]  These sanctions are "intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."  One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. at. 698, n.2.

"[D]ismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party" are the harshest sanctions the court may impose.  FED. R. CIV. P. 37(b)(2)(A)(v) and (vi).  Courts strongly prefer to decide cases on the merits.  Girard v. Aztec RV Resort, Inc., No. 10-62298-CIV, 2011 WL 7946120, at *6 (S.D. Fla. Oct. 6, 2011).  Accordingly, dismissal and the entry of a default judgment are remedies of last resort that are only available after the court makes "a finding of willfulness or bad faith failure to comply."  BankAtlantic v. Blythe

---

[1] The Rule provides for the following non-exclusive sanctions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2).

Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir.1994).  In cases of simple negligence, honest misunderstanding, or inability to comply with a discovery order the entry of a default judgment or dismissal is not appropriate.  Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).

The moving party has the burden to make a prima facie showing that the opponent violated a court's discovery order.  Brauchle v. S. Sports Grill, Inc., No. 07-80279-CIV, 2008 WL 4753707, at *1 (S.D. Fla. Oct. 27, 2008).  Once that burden is met, "the non-moving party must show all reasonable efforts were made to comply with the court's order.  The non-moving party cannot prove impossibility to comply with the discovery order through mere assertions." Id., (internal citation omitted).  The averments in Plaintiff's motion for sanctions and motion to compel are sufficient to make a prima facie showing that Defendant has violated the Court's Order.  Defendant has not shown anything in response to Plaintiff's presentation and thus, has failed to meet its burden.

The imposition of sanctions is warranted.  The Court's December 5, 2014 discovery Order was clear and unambiguous.  Defendant had until the close of business on December 11, 2014 to fully comply with Plaintiff's interrogatories and production requests.  Defendant has not complied and not provided any explanation for its conduct.  However, this case is not so extreme as to cause the Court to submit a report and recommendation that Defendant's pleadings be stricken and default judgment be entered at this time.  Instead, the Court will impose the following alternative sanctions:

(1) Defendant shall pay Plaintiff's reasonable legal expenses, including attorney's fees and costs, for the prosecution of Plaintiff's motion for sanctions and second motion to compel.  If counsel are unable to agree on the amount within 14 days from the rendition of this Order, Plaintiff should file a motion for award of legal expenses and then Defendant will have an opportunity to respond.

(2) Defendant shall explain in writing why it disobeyed the Court's December 5, 2014 Order. This explanation is due by the close of business on January 20, 2015.

(3) Defendant shall fully comply with Plaintiff's interrogatories and production requests on or before the close of business on January 20, 2015.

Defendant is cautioned that if it disobeys this Order the Court will treat Defendant's action as persuasive evidence to support a finding of willfulness or bad faith, and a report and recommendation to the district judge that Defendant's pleadings be stricken and that default judgment be entered against it.

DONE AND ORDERED in Orlando, Florida, on January 12, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel